**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DEVONTAY TRAYVON CHAMPELLE,**

**Plaintiff,**

**v.**

**Civil Action 1:26-cv-632**
**Judge Jeffery P. Hopkins**
**Magistrate Judge Chelsey M. Vascura**

**CO SPARKS, *et al.*,**

**Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, Devontay Trayvon Champelle, an Ohio inmate proceeding without the assistance of counsel, sues several corrections officers of the Southern Ohio Correctional Facility under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights. (Compl., ECF No. 3.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, Plaintiff it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that on November 2, 2025, at approximately 7:10pm, the water in his cell was turned off. Shortly thereafter, several inmates in Plaintiff's cell block were sprayed with mace. Plaintiff was not directly sprayed with mace, but nevertheless found it difficult to breathe and "could feel [his] lungs and [his] body burning excruciatingly as if I was directly sprayed with mace." (Compl., ECF No. 3, PAGIED #37.) Plaintiff asked to be removed from the block or to have his water turned back on or his window opened due to the remaining mace in the air, but he received no response. Plaintiff was taken to the infirmary the following morning. Plaintiff requested either a paper grievance form or access to tablet to file a grievance electronically, but his requests were denied. Plaintiff's Complaint seeks damages in the amount of $1.95 million and "a change in the rules." (*Id.*, PAGEID #30.)

The undersigned construes Plaintiff's Complaint to advance two claims: (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment, and (2) denial of access to the grievance procedure. Both claims must be dismissed.

As to Plaintiff's claim for deliberate indifference to a serious medical need, it is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm

> will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett*, 414 F. App'x at 787–88; *see also Jones*, 625 F.3d at 941 ("[T]he prison official must have acted with a state of mind similar to recklessness. Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk.") (citations omitted). "In examining whether a claimed injury is 'sufficiently serious'" to sustain a claim for deliberate indifference, "courts look to the *effect* of any delay in treatment caused by an officer's inaction." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 274 (6th Cir. 2001) (emphasis in original). Specifically, a plaintiff "who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.* However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169. *See also Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) ("If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately . . . the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." (internal quotation marks and citation omitted)).

Moreover, "when a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Id.* at 591. (cleaned up).

Here, Plaintiff has failed to sufficiently plead an Eighth Amendment violation. Plaintiff was not directly or intentionally exposed to mace; he was merely indirectly exposed as a result of corrections officers attempting to restore order with respect to other nearby inmates. "Courts routinely have concluded that officers do not typically violate the serious medical needs of one prisoner by using pepper spray to extract an inmate from a nearby cell." *Thompkins v. Binner*, No. 2:21-CV-138, 2021 WL 5410486, at *6 (W.D. Mich. Nov. 19, 2021) (collecting cases). "Indeed, courts have held that, when the only symptoms of exposure to chemical agents is to cause a prisoner to cough, choke, gag, and experience burning to the eyes—'the transitory effects of the pepper spray'—a plaintiff's allegations are insufficient to meet the objective prong of the Eighth Amendment standard." *Id.* (quoting *Allen v. Bosley*, 253 F. App'x 658, 659–60 (9th Cir. 2007)). Here, Plaintiff has failed to allege a serious medical need beyond the normal effects of mace. Nor has he alleged any detrimental physical effect from the delay in or lack of medical care to treat the effects of mace. The undersigned therefore concludes that Plaintiff has failed to state a claim for deliberate indifference to serious medical needs arising from the alleged delay in or lack of medical treatment.

Finally, Plaintiff's claim for denial of access to the grievance procedure also fails because "there is no inherent constitutional right to an effective grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75

(4th Cir. 1994); and *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Plaintiff's claim for denial of access to the grievance procedure must therefore be dismissed.

## III. DISPOSITION

For these reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted. As a result, it is further **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) and Motion to Appoint Counsel (ECF No. 6) be **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE